UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
…………………………………………………X
MACARIO EUGENIO TAPIA, on behalf of : 
himself and all others similarly situated, :
 :  **COMPLAINT**
 Plaintiff, :
 :  **FLSA COLLECTIVE ACTION**
 v. :
 :
E.R.BUTLER & CO, INC., and RHETT :
BUTLER, :
 :
 Defendants. :
…………………………………………………
 X

Plaintiff MACARIO EUGENIO TAPIA ("Plaintiff"), by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, on behalf of himself and others similarly situated, against E.R.BUTLER & CO, INC., and RHETT BUTLER ("Defendants"), to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff seeks, for himself and all others similarly situated, declaratory and injunctive relief, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, on behalf of himself, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2, and the Massachusetts Wage Act, M.G.L.c 149 §148-150 (the "Wage Act"). Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime wages, statutory penalties, liquidated damages, statutory interest, treble damages, reasonable attorneys' fees and

1

costs, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 191, 198, 663 and the Wage Act.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiff's NYLL and Wage Act claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL and Wage Act claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff resides in the State of New York.

7. Defendant E.R.BUTLER & CO, INC. is a Foreign (Delaware) Business Corporation registered in the State of New York with an address for service of process of: PO Box 272, New York, NY, 10012.

8. At all times relevant to this action, Defendant RHETT BUTLER has been the Chief Executive Officer and, on information and belief, an owner of, Defendant E.R.BUTLER & CO, INC. As Chief Executive Officer of Defendant E.R.BUTLER & CO, INC., Defendant RHETT BUTLER had and exercised the power to hire, fire, and set the wages and hours of all the

employees of Defendant E.R.BUTLER & CO, INC, including Plaintiff and others similarly situated.

9. Defendant RHETT BUTLER was in charge of hiring and firing, and actively managed the day to day operations of, Defendant E.R.BUTLER & CO, INC.'s employees.

10. For example, Defendant RHETT BUTLER personally hired Plaintiff.

11. Defendant RHETT BUTLER also personally approved Plaintiff's firing in the end of October, 2021.

12. Defendants grossed more than $500,000.00 in each of the last six calendar years.

13. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

14. At all times relevant hereto, Defendants employed employees, including Plaintiff and the FLSA Collective Plaintiffs, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

15. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

16. At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

17. At all times relevant hereto, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

## FACTUAL ALLEGATIONS

18. Defendants together operate a New York City company that manufactures "fine architectural, builders' and cabinetmakers' hardware".[1] Defendants claim that, through its acquisitions, they are "the oldest hardware company in America". *Id*.

19. At all times relevant to this action, Defendants employed Plaintiff, and the FLSA Collective Plaintiffs, as non-exempt construction workers, assigned to do construction work in/at Defendants' New York City and Attleboro, MA properties.

20. Defendants employed Plaintiff from in or about April, 2019 until the end of October, 2021.

21. Defendants paid Plaintiff and the FLSA Collective Plaintiffs on an hourly basis. For example, Defendants paid Plaintiff an hourly rate of $15 per hour.

22. Defendants treated Plaintiff and each of the FLSA Collective Plaintiffs as non-exempt, hourly, employees.

23. Plaintiff and each of the FLSA Collective Plaintiffs were non-exempt employees.

24. Defendants regularly scheduled Plaintiff, and each of the FLSA Collective Plaintiffs, to work between five to seven days a week, with the result that they sometimes worked seven (7) days per week, especially when Defendants took Plaintiff and the FLSA Collective Plaintiffs to Massachusetts to work.

25. Defendants regularly scheduled Plaintiff and each of the FLSA Collective Plaintiffs to work nine (9) to eleven (11) hours per work-day, from as early as 7:00 AM until between 4:00

---

[1] https://www.linkedin.com/in/erbutler/ (accessed 2/17/2022).

and 6:00 PM, except that on certain days – if there were urgent matters or emergencies - they worked until as late as 8:00 or 9:00 PM.

26. Plaintiff and the FLSA Collective Plaintiffs sometimes worked before the start of their scheduled shift.

27. Plaintiff and the FLSA Collective Plaintiffs sometimes worked after the end of their scheduled shift.

28. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State law.

29. Defendants failed to track, record, and/or pay Plaintiff and each of the FLSA Collective Plaintiffs for all of their hours worked.

30. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs to all hours they actually worked.

31. Defendants failed to pay overtime premiums to Plaintiff and the FLSA Collective Plaintiffs, instead they paid them at straight-time rates for some (but not all) of the overtime hours they worked.

32. Defendants' practices resulted in Plaintiff and the FLSA Collective Plaintiffs regularly working more than forty (40) hours a week without being paid their earned overtime premiums, and in them not being compensated for all of the time they spent working for Defendants.

33. Defendants profited from the unpaid extra hours worked by Plaintiff and the FLSA Collective Plaintiffs.

34. Pursuant to the FLSA and the NYLL and the Wage Act, Defendants were required to pay Plaintiff and the FLSA Collective Plaintiffs for their lunches that they were unable to take and for pre-shift and post-shift time worked.

35. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

36. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

37. Defendants' record keeping and notice violations prevented Plaintiff, and the FLSA Collective Plaintiffs, from knowing their legal rights and from figuring out how many hours Defendants did not pay them for.

38. Defendants knew of, and/or showed reckless disregard for, the practices by which they illegally failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for all hours they worked in excess of forty (40) hours in a workweek.

39. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

40. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiff and the FLSA Collective Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt construction workers, assigned to do construction work in/at Defendants' New York City and/or Attleboro, MA properties, employed by Defendants on or after the date that is three years prior to the filing of this Complaint to the

entry of judgment in this case. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

42. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules of willfully failing and refusing to pay them at least one-and-one-half (1-1/2) times their regular hourly rates of pay for all work performed for Defendants in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

43. Other drivers employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

44. The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last addresses known to Defendants.

## **FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

45. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

7

46. Plaintiff consents in writing to be parties to this action under 29 U.S.C. § 216(b).

47. At all times relevant hereto, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

48. At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the wages and overtime compensation owed to their employees for all hours worked, including hours worked in excess of forty (40) hours per workweek.

49. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutorily required overtime rates for <u>all</u> hours worked in excess of forty (40) hours per workweek.

50. Defendants' violations were willful and a three (3) year limitations period should apply under 29 U.S.C. § 255(a).

51. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself)**

52. Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

53. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

54. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

55. Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff for all hours worked <u>and</u> for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

56. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

57. Plaintiff seeks damages in the amount of his unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## **THIRD CAUSE OF ACTION**

**(Failure to Provide Notices & Accurate Wage Statements – NYLL §§ 195(1) and (3), Brought by Plaintiff on Behalf of Himself)**

58. Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

59. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1), containing Plaintiff's rate or rates of pay and the bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Defendants have also willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

61. Defendants violated NYLL §§ 195(1) and (3) and consequently owe Plaintiff statutory damages as specified by NYLL §§ 198(1-b) and (1-d).

62. Plaintiff seeks statutory damages as specified by NYLL §§ 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION

**(Failure to Pay Overtime Wages – Wage Act, Brought by Plaintiff on Behalf of Himself)**

63. Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

64. It is unlawful under the Wage Act for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

65. It is unlawful under the Wage Act for an employer to suffer or permit an employee to work without compensation for all hours worked.

66. Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff for all hours worked <u>and</u> for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

67. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

68. Plaintiff seeks damages in the amount of his unpaid wages, unpaid overtime compensation, treble damages, pre-judgment interest, attorneys' fees and costs, pursuant to the Wage Act, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, pray for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

(c) An award of unpaid wages and overtime compensation, according to proof, including FLSA and NYLL liquidated damages, and treble damages pursuant to the Wage Act, and interest, to be paid by Defendants;

(d) Statutory damages under NYLL §§ 198(1-b) and (1-d), for violations of NYLL §§ 195(1) and (3);

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and NYLL § 663 and the Wage Act;

(g) Pre-judgment and post-judgment interest, as provided by law; and

(h) Such other legal and equitable relief as this Court deems necessary, just and proper.

Dated: March 23, 2022

HARRISON, HARRISON & ASSOCIATES, LTD.

_____/s/DAVID HARRISON_____
David Harrison, Esq.
dharrison@nynjemploymentlaw.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorney for Plaintiff & FLSA Collective Members*