# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY  10004
DIRECT DIAL (718) 799-9111
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ  07701

May 16, 2022

VIA ECF

The Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:    <u>Tapia v. E.R. Butler & Co., Inc. et ano, 22 cv 1613</u>

Dear Judge Mann:

     In accordance with this Court's May 11, 2022 Order, Plaintiff MACARIO EUGENIO TAPIA, ("Plaintiff") respectfully requests (i) that the Court approve the settlement agreement ("Agreement") that Plaintiff entered into with E.R.BUTLER & CO, INC., and RHETT BUTLER ("Defendants") – a copy of which is attached hereto as Exhibit "A" - and (ii) that the Court dismiss this litigation with prejudice discontinuing this case.

     The terms of the Agreement provide that in exchange for Plaintiff discontinuing this litigation and executing in favor of Defendants a general release covering all employment claims[1], Defendants will pay Plaintiff a total of $44,000.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements.

     The Agreement reflects a compromise between the Plaintiff and the Defendants.  While Plaintiff could have possibly received more money had he proceeded to and won at trial, Plaintiff agreed to the Settlement Amount, and believes it to be a fair and reasonable compromise, because, in addition to receiving his money much sooner, and not having to wait many months or years, it represents substantially more than Plaintiff's estimated unpaid overtime wages (estimated at approximately $14,905 in unpaid overtime wages) that he could have recovered had he won at trial.

     While Plaintiff could have possibly recovered more monies after including liquidated damages, statutory penalties, and attorneys' fees and costs, in addition to the inherent risks of litigation, there were other risks involved in continuing to trial.  One risk with proceeding to trial

---

[1] A mutual release in favor of Plaintiff is also provided for in the Agreement.

was that Plaintiff did not have accurate records listing the total hours worked. Further, Plaintiff anticipated difficulties finding witnesses to corroborate his version of how many hours he worked. As a result, Plaintiff's damages calculations relied on certain estimations. Plaintiff may therefore have had issues <u>proving</u> all of the unpaid overtime that he claims Defendants owe him. Thus, even if Plaintiff would win at trial, the amount of damages he may recover could be less than the Settlement Amount.

Another factor involved in Plaintiff's decision to settle this suit was because he wanted payment sooner, rather than having to wait many months or several years for payment. He also wished to forego the uncertainties of litigation and the hassle <u>and</u> expense of proceeding through discovery, depositions, and trial. He also did not want to take time off from work for depositions, settlement conferences, and trial.

Plaintiff – and Defendants – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## **ATTORNEYS' FEES & COSTS**

From the Settlement Amount, $29,012.00 will be paid out to Plaintiff and $14,506.00 is allocated for attorneys' fees.[2] This one-third contingency - agreed upon by Plaintiff in his retainer agreement - is "standard in the Second Circuit" in FLSA and NYLL cases. *Brito v. Marina's Bakery Corp.*, 2022 WL 875099, at *26 (E.D.N.Y., 2022) (citing cases). *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit.").

In light of the above, Plaintiff - and Defendants - respectfully request that this Court approve the parties' Agreement and that the Court dismiss this case with prejudice.

We thank the Court for its attention to this matter.

                                               Respectfully Submitted,

                                               /S/ DAVID HARRISON
                                               David Harrison

cc: All Counsel of Record (VIA ECF)

---

[2] Costs in this case are $482.00 ($402 filing fee and $80 for the process servers fee).

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Plaintiff MACARIO EUGENIO TAPIA (hereinafter referred to as "Plaintiff") on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, and E.R.BUTLER & CO, INC., and RHETT BUTLER (hereinafter referred to as "Defendants") on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors, and administrators.

**WHEREAS**, on March 23, 2022, Plaintiff filed, in the United States District Court for the Eastern District of New York, a complaint in an action entitled MACARIO EUGENIO TAPIA v. E.R.BUTLER & CO, INC., and RHETT BUTLER, Civil Action No. 22-1613 (KAM)(RLM). Plaintiff's Complaint asserts violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

**WHEREAS**, after Defendants were served with the Complaint, Defendants' counsel filed two motions to extend Defendants' time to respond to the Plaintiff's Complaint; and

**WHEREAS**, prior to answering the Complaint, Plaintiff's counsel and Defendants' counsel had settlement discussions and Defendants expressed a desire to fully and finally resolve and settle in full all claims that Plaintiff had, or may have had, against Defendants, and

**WHEREAS**, Plaintiff and Defendants have agreed to settle this case in exchange for a payment in the amount of forty-four thousand Dollars ($44,000.00); and

**WHEREAS**, Plaintiff represents that with this payment, he will have been paid all outstanding wages, and liquidated damages, penalties and interest, that he may have been owed, arising out of, or connected with, his employment with Defendants, and

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>:  By entering into this Agreement, Defendants and Plaintiff do not in any way admit liability or wrongdoing toward one another or anyone else, either implicitly or explicitly.  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with his employment with Defendants.

2. <u>Consideration</u>:

a. In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of his claims against Defendants, Defendants agree to pay Plaintiff a settlement payment, the gross amount of which shall be forty-four thousand Dollars ($44,000.00) (the "Settlement Payment").  The Settlement Payment shall be wired into Plaintiff's counsel's escrow account <u>or</u> delivered via overnight mail to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701 on the following schedule:

   (i) $4,000.00 by June 5, 2022; and

   (ii) $5,000.00 on or before each of the following dates: July 5, August 5, September 5, October 5, November 5, December 5, 2022, and

   (iii) $5,000.00 on or before January 5 and February 5, 2023.

In the event that the Court has not approved this Agreement, Plaintiffs' counsel shall hold all payments received in escrow and shall not release any payments to Plaintiff until this Agreement is approved by the Court.

2

3. <u>Voluntary Dismissal with Prejudice</u>:

    a.   Plaintiff represents that other than the Complaint referenced above he has not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against Defendants, and will not do so at any time in the future.

    b.   Plaintiff hereby authorizes and directs his attorneys to dismiss the action with prejudice.

4. <u>Release by Plaintiff</u>

    a.   In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including, but not limited to, any and all wage and hour claims, arising under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, and the Massachusetts Wage Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and it does not release or discharge any claims that may occur after that date. Defendants reciprocally releases Plaintiff from any and all liabilities, debts, claims and causes

of action whatsoever, from the beginning of the world through the date of the execution of this Agreement.

5. <u>Agreement Not to Publicize/Non-disparagement</u>: Plaintiff agrees that he will not publicly publicize the terms of this Agreement in the print media or on social media. <u>The Parties agree not to make any statement about the other that is disparaging or defamatory.</u>

6. <u>Applicable Law</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

7. <u>Enforceability</u>: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

8. <u>Interpretation of Agreement</u>: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

9. <u>Headings</u>: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

10. <u>Voluntary Agreement</u>: Plaintiff agrees and affirms that:

   a. He has carefully read and fully understand all of the provisions of this Agreement;

   b. He was advised and is advised to consider carefully the terms of this Agreement and consult with his attorney prior to executing this Agreement;

4

  c. He has been given a reasonable time to consider his rights and obligations under this Agreement and to consult with an attorney before executing it;

  d. He has consulted with his attorney of choice before executing this Agreement;

  e. This Agreement is legally binding, and by signing it, he understands that he is giving up certain rights, including the right to pursue the claims raised in the Complaint;

  f. No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce this Agreement, and that Plaintiff have not been forced or pressured in any way to sign this Agreement;

  g. Plaintiff is, through this Agreement, releasing the Defendants from any and all claims that he may have against any of them in exchange for the payment described herein;

  h. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

11. <u>No Other Representations or Agreements</u>:  Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

12. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

13. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: 5/16/2022 , 2022

MACARIO E. TAPIA

Date: _____, 2022

E.R.BUTLER & CO INC.

Date: _____, 2022

RHETT BUTLER

6

12. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

13. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: _____, 2022

_____
MACARIO E. TAPIA

Date: 05/16, 2022

_____
E.R.BUTLER & CO INC.

Date: 05/16, 2022

_____
RHETT BUTLER