# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY 10004
DIRECT DIAL (718) 799-9111
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ 07701

May 23, 2022

VIA ECF

The Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Tapia v. E.R. Butler & Co., Inc. et ano, 22 cv 1613</u>

Dear Judge Mann:

  In accordance with this Court's May 18, 2022 Order and in advance of the *Cheeks* hearing scheduled for Mary 25th, this is to confirm that the parties did <u>not</u> intend for there to be a general release in their settlement agreement – rather only a limited wage and hour release. The parties have amended their settlement agreement to modify Section 10(g) <u>and</u> to carve out "truthful information regarding the litigation" from Section 5.

  Attached as Exhibit "A" is the amended settlement agreement, attached as Exhibit "B" is the retainer agreement entered into between Plaintiff and our firm, and attached as Exhibit "C" is our contemporaneous timesheets which shows that our firm expended $7,070 in legal time (17.30 hours for David Harrison, billed at $400/hour rate, and 1.5 hours for law clerk/paralegal, billed at $100/hour rate). Inasmuch the fees to date amount to a multiplier of just over 2[1], and because our office will be expending time at the *Cheeks* hearing and overseeing the settlement pay-out over the next ten months, the Court should approve the attorneys' fees and the parties' Agreement.

---

[1] *See Quispe v. Stone & Tile Inc.*, 2022 WL 960926, at *6 (E.D.N.Y., 2022):

> While there is some debate about the proper range for a lodestar multiplier, the multiplier here is below the point of controversy and is therefore reasonable. *Compare Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("In this Court's opinion, a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.") *with Monserrate v. Tequipment, Inc.*, No. 11-CV-6090 (RML), 2012 WL 5830557, at *3 (E.D.N.Y. Nov. 16, 2012) ("Courts regularly award multipliers from two to six times the lodestar.") (collecting cases).

We thank the Court for its attention to this matter.

                                                Respectfully Submitted,

                                                <u>/S/ DAVID HARRISON</u>
                                                David Harrison

cc:  All Counsel of Record (VIA ECF)

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Plaintiff MACARIO EUGENIO TAPIA (hereinafter referred to as "Plaintiff") on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, and E.R.BUTLER & CO, INC., and RHETT BUTLER (hereinafter referred to as "Defendants") on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors, and administrators.

**WHEREAS**, on March 23, 2022, Plaintiff filed, in the United States District Court for the Eastern District of New York, a complaint in an action entitled MACARIO EUGENIO TAPIA v. E.R.BUTLER & CO, INC., and RHETT BUTLER, Civil Action No. 22-1613 (KAM)(RLM). Plaintiff's Complaint asserts violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

**WHEREAS**, after Defendants were served with the Complaint, Defendants' counsel filed two motions to extend Defendants' time to respond to the Plaintiff's Complaint; and

**WHEREAS**, prior to answering the Complaint, Plaintiff's counsel and Defendants' counsel had settlement discussions and Defendants expressed a desire to fully and finally resolve and settle in full all claims that Plaintiff had, or may have had, against Defendants, and

**WHEREAS**, Plaintiff and Defendants have agreed to settle this case in exchange for a payment in the amount of forty-four thousand Dollars ($44,000.00); and

**WHEREAS**, Plaintiff represents that with this payment, he will have been paid all outstanding wages, and liquidated damages, penalties and interest, that he may have been owed, arising out of, or connected with, his employment with Defendants, and

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, Defendants and Plaintiff do not in any way admit liability or wrongdoing toward one another or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with his employment with Defendants.

2. <u>Consideration</u>:

    a. In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of his claims against Defendants, Defendants agree to pay Plaintiff a settlement payment, the gross amount of which shall be forty-four thousand Dollars ($44,000.00) (the "Settlement Payment"). The Settlement Payment shall be wired into Plaintiff's counsel's escrow account <u>or</u> delivered via overnight mail to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701 on the following schedule:

    (i) $4,000.00 by June 5, 2022; and

    (ii) $5,000.00 on or before each of the following dates: July 5, August 5, September 5, October 5, November 5, December 5, 2022, and

    (iii) $5,000.00 on or before January 5 and February 5, 2023.

In the event that the Court has not approved this Agreement, Plaintiffs' counsel shall hold all payments received in escrow and shall not release any payments to Plaintiff until this Agreement is approved by the Court.

3. <u>Voluntary Dismissal with Prejudice</u>:

    a. Plaintiff represents that other than the Complaint referenced above he has not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against Defendants, and will not do so at any time in the future.

    b. Plaintiff hereby authorizes and directs his attorneys to dismiss the action with prejudice.

4. <u>Release by Plaintiff</u>

    a. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including, but not limited to, any and all wage and hour claims, arising under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, and the Massachusetts Wage Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and it does not release or discharge any claims that may occur after that date.

5. <u>Agreement Not to Publicize/Non-disparagement</u>: Plaintiff agrees that he will not publicly publicize the terms of this Agreement in the print media or on social media. The Parties agree not to make any statement about the other that is disparaging or defamatory except that nothing in this section shall apply with respect to, or prohibit Plaintiff from sharing, truthful information regarding this litigation.

6. <u>Applicable Law</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

7. <u>Enforceability</u>: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

8. <u>Interpretation of Agreement</u>: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

9. <u>Headings</u>: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

10. <u>Voluntary Agreement</u>: Plaintiff agrees and affirms that:

    a.    He has carefully read and fully understand all of the provisions of this Agreement;

    b.    He was advised and is advised to consider carefully the terms of this Agreement and consult with his attorney prior to executing this Agreement;

    c. He has been given a reasonable time to consider his rights and obligations under this Agreement and to consult with an attorney before executing it;

    d. He has consulted with his attorney of choice before executing this Agreement;

    e. This Agreement is legally binding, and by signing it, he understands that he is giving up certain rights, including the right to pursue the claims raised in the Complaint;

    f. No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce this Agreement, and that Plaintiff have not been forced or pressured in any way to sign this Agreement;

    g. Plaintiff is, through this Agreement, releasing the Defendants from any and all wage and hour claims that he may have against any of them in exchange for the payment described herein;

    h. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

  11. <u>No Other Representations or Agreements</u>:  Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

12. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

13. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: ___5/18/2022___, 2022

DocuSigned by:
*Mace*
A2AF9C40F74D4D0...

MACARIO E. TAPIA

Date: _____, 2022

E.R. BUTLER & CO INC.

Date: _____, 2022

RHETT BUTLER

6

12. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

13. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: _____, 2022

_____
MACARIO E. TAPIA

Date: 05 19, 2022

_____
E.R. BUTLER & CO INC.

Date: 05 19, 2022

_____
RHETT BUTLER

# Exhibit B

# HARRISON HARRISON & ASSOC., LTD.
## ATTORNEY RETAINER AGREEMENT

This confirms that you, the undersigned client(s) (hereafter "Client"), have retained Harrison Harrison & Assoc. (hereafter "ATTORNEY") to represent you in connection with your Fair Labor Standards Act and New York Labor Law wage claims, and related claims, against E.R. BUTLER & CO and related entities and individuals (hereafter "Defendants").

It is understood and agreed upon, by and between Client and ATTORNEY, as follows:

1. ATTORNEY has accepted this engagement subject to investigation of the claim(s). If upon investigation of the claim(s) we discover that we cannot assist you in this matter, we will withdraw from your representation, and seek permission from a court, when necessary. This determination will be made as soon as reasonably possible.
2. You will be reasonably available to confer with us, provide us with copies of all documents and information and disclose all facts and circumstances that we reasonably need to know to properly represent you in this matter. This includes informing ATTORNEY of any deadline set forth to you by a state or government administration agency, such as the EEOC. Unless we specifically request otherwise, you agree to retain originals of any and all documents that you send to ATTORNEY.
3. You will promptly return telephone calls and correspondence from our office, comply in filling out required forms, and assist us in meeting deadlines and locating witnesses, documents and evidence.
4. You should never discuss the status of settlement negotiations with anyone, including anyone connected with Defendants, or your case may be prejudiced. This is because if the Defendants wish to settle your case they will typically insist on confidentiality; and, if settlement information is made public they may be less willing (or unwilling) to settle.
5. During the course of the representation, you shall be required to pay and ATTORNEY shall be entitled to reimbursement for all normal disbursements including, without limitation, expenses for court costs, photocopying, messengers, travel, computer assisted research, court reporters, transcripts, experts, witness fees, etc., as may be appropriate for this matter. Disbursements shall be paid within 14 days of the date they are billed.
6. In consideration for ATTORNEY's representation in connection with this matter, ATTORNEY will receive, before deduction and reimbursement of costs and expenses, the greater of (a) a third (1/3) of the net proceeds, whether through settlement, final judgment or arbitrator's award in this matter, or (b) the full amount of any Court-awarded or arbitrator-awarded Attorneys' fees. For these purposes, "net proceeds" means the gross pre-tax recovery (including any award of Attorneys' fees and the value of any benefits received) less any unrecovered disbursements. The fee set forth in this Agreement is not set by law, but is negotiable between ATTORNEY and Client.
7. No attorney's fees shall be charged for the Attorney(s) if there is no recovery.
8. Client hereby authorizes ATTORNEY to take whatever investigative and procedural steps are necessary to prosecute this matter, including: hiring investigators, paralegals, experts or any other personnel on Client's behalf.
9. Client hereby authorizes ATTORNEY to associate any other Attorney in representing Client, with the consent of Client, without additional costs to Client.
10. This matter shall not be settled without the consent of Client.
11. ATTORNEY has not and cannot guarantee that we will be able to obtain any particular result or success in this matter.
12. ATTORNEY shall not be required to file or respond to any appeal in this matter, nor to provide any services of collection, or otherwise, after settlement or judgment has been

reached.
13. Whenever a verdict, judgment, award or settlement is obtained in this matter, the undersigned client hereby gives power of Attorney to ATTORNEY to sign the client's name to any and all releases, dismissals, forms, checks, drafts, and other papers and to deposit the proceeds into either of ATTORNEY's trust accounts, and to distribute the funds in accordance with this Attorney Retainer Agreement.
14. ATTORNEY will be readily available to represent your best interests, keep you informed about your case and answer any questions you have about the way your case is being handled. If Client disputes any portion of ATTORNEY's fee you may have the right to Fee Arbitration pursuant to Part 137 of 22 N.Y.C.R.R. Forms will be provided upon request.
15. If, without the consent of ATTORNEY, you settle this matter or retain another Attorney, this agreement shall nevertheless remain binding to the full extent of the law. We will seek Attorneys' fees and will apply an hourly rate of Four Hundred and Fifty Dollars ($450.00) per hour, if based on quantum meruit, or will seek a proportionate share of the legal fees if legally permitted to do so. We will also seek all out-of-pocket costs incurred by ATTORNEY in connection with our representation of you until the time of the substitution of new counsel.
16. If, at any time during the investigation and preparation of this case, ATTORNEY decides there is insufficient merit in proceeding further, ATTORNEY may withdraw, with permission of a court, when necessary, without any further obligation whatsoever by Client or ATTORNEY.
17. You may terminate this Agreement at any time. If you terminate this Agreement prior to a resolution of this matter or if we withdraw for good cause, and you acquire a recovery by other means or representation, you understand ATTORNEY will have a right to request legal fees and reimbursement for any expense.

**DUTY TO PRESERVE EVIDENCE**

18. Client understands that as a party to a legal matter he/she has a duty to preserve documents and other types of evidence that may be in any way relevant to the legal matter, regardless of whether a lawsuit has been filed yet or not. Client agrees to preserve all documents or other evidence in Client's possession that may be related to the case. Such evidence is not limited to paper documents; it includes electronic evidence such as EMAILS, COMPUTER RECORDS, TEXT MESSAGES, WEB PAGES, SOCIAL MEDIA POSTS, and VOICEMAILS, as well as tangible items such as PHOTOGRAPHS, THUMB DRIVES, COMPUTERS OF ANY TYPE, CELL PHONES, PDAs, and any other type of device or medium that can store communications or information in any form. Client agrees not to alter, destroy, or get rid of any such evidence.

_____
(*Client Init.*)

I have read all of the above, and understand and agree to all of it.

I hereby acknowledge receipt of a copy of this Attorney Retainer Agreement.

Accepted by:

Macario Eugenio Tapia		*[signature]*		21/11/21
Client Printed Name		Client Signature		Date

David Harrison		*[signature]*		
Attorney Printed Name		Attorney Signature		Date
Harrison, Harrison
& Assoc., LTD.

3

## STATEMENT OF CLIENT'S RIGHTS AND RESPONSIBILITIES

Your attorney is providing you with this document to inform you of what you, as a client, are entitled to by law or by custom. To help prevent any misunderstanding between you and your attorney please read this document carefully.

If you ever have any questions about these rights, or about the way your case is being handled, do not hesitate to ask your attorney. He or she should be readily available to represent your best interests and keep you informed about your case.

An attorney may not refuse to represent you on the basis of race, creed, color, sex, sexual orientation, age, national origin or disability.

You are entitled to an attorney who will be capable of handling your case; show you courtesy and consideration at all times; represent you zealously; and preserve your confidences and secrets that are revealed in the course of the relationship.

You are entitled to a written retainer agreement which must set forth, in plain language, the nature of the relationship and the details of the fee arrangement. At your request, and before you sign a retainer agreement, you are entitled to have your attorney clarify in writing any of its terms, or include additional provisions.

You are entitled to fully understanding the proposed rates and retainer fee before you sign a retainer agreement, as in any other contract.

You may refuse to enter into any fee arrangement that you find unsatisfactory.

Your attorney may not request a fee that is contingent on the securing of a divorce or on the amount of money or property that may be obtained.

Your attorney may not request a retainer fee that is nonrefundable. That is, should you discharge your attorney, or should your attorney withdraw from the case, before the retainer is used up, he or she is entitled to be paid commensurate with the work performed on your case and any expenses, but must return the balance of the retainer to you. However, your attorney may enter into a minimum fee arrangement with you that provides for the payment of a specific amount below which the fee will not fall based upon the handling of the case to its conclusion.

You are entitled to know the approximate number of attorneys and other legal staff members who will be working on your case at any given time and what you will be charged for the services of each.

You are entitled to know in advance how you will be asked to pay legal fees and expenses, and how the retainer, if any, will be spent.

At your request, and after your attorney has had a reasonable opportunity to investigate your case, you are entitled to be given an estimate of approximate future costs of your case, which estimate shall be made in good faith but may be subject to change due to facts and circumstances affecting the case.

You are entitled to receive a written, itemized bill on a regular basis, at least every 60 days.

You are expected to review the itemized bills sent by counsel, and to raise any objections or errors in a timely manner. Time spent in discussions or explanation of bills will not be charged to you.

You are expected to be truthful in all discussions with your attorney, and to provide all relevant information and documentation to enable him or her to competently prepare your case.

You are entitled to be kept informed of the status of your case, and to be provided with copies of correspondence and documents prepared on your behalf or received from the court or your adversary.

You have the right to be present in court at the time that conferences are held.

You are entitled to make the ultimate decision on the objectives to be pursued in your case, and to make the final decision regarding the settlement of your case.

Your attorney's written retainer agreement must specify under what circumstances he or she might seek to withdraw as your attorney for nonpayment of legal fees. If an action or proceeding is pending, the court may give your attorney a "charging lien," which entitles your attorney to payment for services already rendered at the end of the case out of the proceeds of the final order or judgment.

You are under no legal obligation to sign a confession of judgment or promissory note, or to agree to a lien or mortgage on your home to cover legal fees. Your attorney's written retainer agreement must specify whether, and under what circumstances, such security may be requested. In no event may such security interest be obtained by your attorney without prior court approval and notice to your adversary. An attorney's security interest in the marital residence cannot be foreclosed against you.

You are entitled to have your attorney's best efforts exerted on your behalf, but no particular results can be guaranteed.

If you entrust money with an attorney for an escrow deposit in your case, the attorney must safeguard the escrow in a special bank account. You are entitled to a written escrow agreement, a written receipt, and a complete record concerning the escrow. When the terms of the escrow agreement have been performed, the attorney must promptly make payment of the escrow to all persons who are entitled to it.

In the event of a fee dispute, you may have the right to seek arbitration. Your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

Receipt Acknowledged:

_____        _____
Attorney's signature                              Client's signature

                                                              _____

_____        _____
Date                                                     Client's Signature

5

# EXHIBIT "C"

## Harrison Harrison & Associates
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Ph : 888-239-4410, Fax : 718-799-9171

### User Entry Report from 01/01/2021 to 05/23/2022

| Date | Matter | Activity | Description | Labor | Billable | Inv # | Total |
|---|---|---|---|---|---|---|---|
| **Client: Macario Tapia v. ER Butler** | | | | | | | |
| **User: DAVID HARRISON** | | | | | | | |
| 10/26/21 | Non-Matter Related | Phone Call | tel. CL | 0.30 | Yes | | 0.30 |
| 11/04/21 | Non-Matter Related | Review | revw'd intake, email EC re: CL follow up | 0.50 | Yes | | 0.50 |
| 11/05/21 | Non-Matter Related | Review | revw'd docs from CL | 0.40 | Yes | | 0.40 |
| 12/01/21 | Non-Matter Related | Correspondence | email EC re: CL meeting | 0.10 | Yes | | 0.10 |
| 12/03/21 | Non-Matter Related | Correspondence | email EC re: CL meeting | 0.10 | Yes | | 0.10 |
| 12/07/21 | Non-Matter Related | Meeting | phone meeting w/ EC & CL | 1.00 | Yes | | 1.00 |
| 12/13/21 | Non-Matter Related | Correspondence | revw'd file, email EC | 0.20 | Yes | | 0.20 |
| 01/14/22 | Non-Matter Related | Correspondence | email EC re: CL update | 0.10 | Yes | | 0.10 |
| 01/14/22 | Non-Matter Related | Consulting | conf. SH re: damages calculation | 0.50 | Yes | | 0.50 |
| 03/11/22 | Non-Matter Related | Phone Call | tel. CL re: update | 0.10 | Yes | | 0.10 |
| 03/23/22 | Non-Matter Related | Draft | draft complaint | 2.00 | Yes | | 2.00 |
| 03/24/22 | Non-Matter Related | Phone Call | tel. CL re: update | 0.10 | Yes | | 0.10 |
| 03/24/22 | Non-Matter Related | Correspondence | ecf emails, emails to process server | 0.30 | Yes | | 0.30 |
| 03/31/22 | Non-Matter Related | Correspondence | emails from process server re service of S&C, revw'd affdivits of service re: same | 0.20 | Yes | | 0.20 |
| 03/31/22 | Non-Matter Related | Filing | filed affidavits of service | 0.10 | Yes | | 0.10 |
| 04/05/22 | Non-Matter Related | Phone Call | tel. Defs' atty | 0.20 | Yes | | 0.20 |
| 04/05/22 | Non-Matter Related | Correspondence | email Defs' atty | 0.10 | Yes | | 0.10 |
| 04/06/22 | Non-Matter Related | Correspondence | emails to/from EC re: CL update | 0.20 | Yes | | 0.20 |
| 04/06/22 | Non-Matter Related | Draft | rewv'd file, draft damages calculation | 1.00 | Yes | | 1.00 |
| 04/06/22 | Non-Matter Related | Phone Call | tel. ER's atty | 0.20 | Yes | | 0.20 |
| 04/12/22 | Non-Matter Related | Correspondence | emails to/from Defs' counsel, revw'd draft ltr. to court | 0.20 | Yes | | 0.20 |
| 04/14/22 | Non-Matter Related | Correspondence | ecf emails | 0.20 | Yes | | 0.20 |
| 04/14/22 | Non-Matter Related | Correspondence | emails from/to Defs' counsel | 0.20 | Yes | | 0.20 |
| 04/14/22 | Non-Matter Related | Review | revw'd Defs' time records | 0.20 | Yes | | 0.20 |

| Date | Matter | Activity | Description | Labor | Billable | Inv # | Total |
|---|---|---|---|---|---|---|---|
| 04/15/22 | Non-Matter Related | Correspondence | emails | 0.20 | Yes | | 0.20 |
| 04/15/22 | Non-Matter Related | Phone Call | tel. Defs' atty | 0.20 | Yes | | 0.20 |
| 04/26/22 | Non-Matter Related | Phone Call | tel. Defs' atty | 0.30 | Yes | | 0.30 |
| 04/26/22 | Non-Matter Related | Correspondence | emails to/from Defs' atty | 0.20 | Yes | | 0.20 |
| 04/27/22 | Non-Matter Related | Correspondence | email EC re: CL meeting | 0.10 | Yes | | 0.10 |
| 04/28/22 | Non-Matter Related | Correspondence | email Defs' counsel re: issues with spreadsheet data | 0.20 | Yes | | 0.20 |
| 04/28/22 | Non-Matter Related | Phone Call | tel. EC & CL | 0.40 | Yes | | 0.40 |
| 04/29/22 | Non-Matter Related | Phone Call | tel. Defs' counsel | 0.20 | Yes | | 0.20 |
| 04/29/22 | Non-Matter Related | Correspondence | EMAILS to/from Defs' counsel | 0.20 | Yes | | 0.20 |
| 04/29/22 | Non-Matter Related | Correspondence | emails to/from EC re CL update | 0.20 | Yes | | 0.20 |
| 05/02/22 | Non-Matter Related | Correspondence | emails to/from EC re CL meeting | 0.10 | Yes | | 0.10 |
| 05/02/22 | Non-Matter Related | Correspondence | email Defs' atty | 0.10 | Yes | | 0.10 |
| 05/02/22 | Non-Matter Related | Meeting | PHONE MEETING W/ CL & EC | 0.30 | Yes | | 0.30 |
| 05/08/22 | Non-Matter Related | Draft | draft settlement agreement | 1.00 | Yes | | 1.00 |
| 05/09/22 | Non-Matter Related | Correspondence | emails to/from Defs' counsel | 0.20 | Yes | | 0.20 |
| 05/09/22 | Non-Matter Related | Filing | drafted & filed consent to MJ form, ecf email re: same | 0.20 | Yes | | 0.20 |
| 05/11/22 | Non-Matter Related | Correspondence | emails from/to Defs' counsel, revw'd proposed edits to agreement | 0.30 | Yes | | 0.30 |
| 05/11/22 | Non-Matter Related | Correspondence | emails from/to Defs' counsel | 0.20 | Yes | | 0.20 |
| 05/16/22 | Non-Matter Related | Correspondence | emails to/from Defs' counsel | 0.20 | Yes | | 0.20 |
| 05/16/22 | Non-Matter Related | Correspondence | email CL | 0.10 | Yes | | 0.10 |
| 05/16/22 | Non-Matter Related | Draft | draft motion for approval | 0.50 | Yes | | 0.50 |
| 05/16/22 | Non-Matter Related | Phone Call | tel. CL | 0.10 | Yes | | 0.10 |
| 05/16/22 | Non-Matter Related | Edit | edits to & finalized agreement, sent out to CL & EC, emails to/from EC re: same | 0.30 | Yes | | 0.30 |
| 05/17/22 | Non-Matter Related | Meeting | meeting w/ CL & EC to review settlement agreement | 0.30 | Yes | | 0.30 |
| 05/18/22 | Non-Matter Related | Review | revw'd Order, edits to settlement agreement, email Defs' counsel | 0.40 | Yes | | 0.40 |
| 05/18/22 | Non-Matter Related | Edit | edits to & finalized motion for approval, research re legal fee | 0.50 | Yes | | 0.50 |
| 05/18/22 | Non-Matter Related | Phone Call | tel. CL | 0.10 | Yes | | 0.10 |
| 05/18/22 | Non-Matter Related | Correspondence | emails to/from Defs' counsel | 0.20 | Yes | | 0.20 |
| 05/19/22 | Non-Matter Related | Correspondence | email from Defs' counsel | 0.10 | Yes | | 0.10 |

| Date | Matter | Activity | Description | Labor | Billable | Inv # | Total |
|---|---|---|---|---|---|---|---|
| 05/19/22 | Non-Matter Related | Correspondence | emails to/from J.Ho, JS re: settlement, call tomorrow | 0.20 | Yes | | 0.20 |
| 05/19/22 | Non-Matter Related | Correspondence | emails | 0.20 | Yes | | 0.20 |
| 05/19/22 | Non-Matter Related | Review | revw'd Order | 0.10 | Yes | | 0.10 |
| 05/19/22 | Non-Matter Related | Consulting | conf. JS | 0.20 | Yes | | 0.20 |
| 05/22/22 | Non-Matter Related | Correspondence | emails from/to EC re: CL update | 0.20 | Yes | | 0.20 |
| 05/23/22 | Non-Matter Related | Draft | finalized ltr to court, legal research on Cheeks review | 0.50 | Yes | | 0.50 |
| | | | Total for DAVID HARRISON | 17.30 | | | 17.30 |

User: Law Clerk /Paralegal

| Date | Matter | Activity | Description | Labor | Billable | Inv # | Total |
|---|---|---|---|---|---|---|---|
| 01/14/22 | Non-Matter Related | Review | revw'd file, prepared excel spreadsheet w/ damages calculations | 1.50 | Yes | | 1.50 |
| | | | Total for Law Clerk /Paralegal | 1.50 | | | 1.50 |
| | | | Total for Macario Tapia v. ER Butler | 18.80 | | | 18.80 |
| | | | Grand Total | 18.80 | | | 18.80 |